**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

_____

| | |
|---|---|
| **YVONNE SANES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )      **Civil Action No. 2014-0049** |
| | ) |
| **GRAPETREE SHORES, INC.** | ) |
| **D/B/A DIVI CARINA BAY RESORT and** | ) |
| **TREASURE BAY VI CORP.,** | ) |
| | ) |
| **Defendants.** | ) |

_____)

**Attorneys:**
**Renee D. Dowling, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Ryan C. Meade, Esq.,**
Miami, FL
    *For the Defendants*

**MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant Grapetree Shores' "Motion to Dismiss the Plaintiff's Complaint" (Dkt. No. 2); "Plaintiff's Response in Opposition to Defendant's Motion to Dismiss the Plaintiff's Complaint" (Dkt. No. 7); and "Defendant GSI's Reply in Support of its Motion to Dismiss the Plaintiff's Complaint" (Dkt. No. 8). For the reasons discussed below, this matter will be referred to arbitration and the proceedings in this Court will be stayed pending arbitration.

## I.      BACKGROUND

Plaintiff Yvonne Sanes was employed by Defendant Grapetree Shores, Inc. d/b/a Divi Carina Bay Resort ("Grapetree Shores" or "GSI") from 2008 until 2013, when she was terminated. (Dkt. No. 7 at 1). After her termination, Plaintiff filed an action with the EEOC in January of 2013, alleging discrimination as a result of her pregnancy status. *Id.* at 2. Defendant filed a Notice of Appearance with the EEOC. (Dkt. No. 8 at 4, Dkt. No. 7-2).

After the EEOC issued a Notice of Right to Sue on March 31, 2014, Plaintiff filed an action in the Superior Court of the Virgin Islands on June 25, 2014, alleging employment discrimination and failure to accommodate under Title VII, against Defendants Grapetree Shores and its parent company, Treasure Bay VI Corp. (Dkt. No. 1-1). Defendants removed the case to federal court on the basis of federal question jurisdiction. (Dkt. No. 1). Thirteen days after filing the notice of removal with the District Court, Defendant Grapetree Shores filed the instant Motion to Dismiss, asserting that Plaintiff's employment agreement with GSI compelled arbitration of her claims against it, and requesting that the Court "dismiss the Complaint in favor of arbitration." (Dkt. No. 2).

In her Opposition to Grapetree Shores' Motion to Dismiss, Plaintiff argues that dismissal is not an appropriate form of relief, and that Defendant GSI should have moved to compel arbitration instead. (Dkt. No. 7 at 2-3).[1]  Plaintiff also argues that because the Court's jurisdiction is not predicated on the Federal Arbitration Act ("FAA") (9 U.S.C. §§ 1-16), that statute may not

---

[1] The employment agreement provides, in relevant part:
>    Any controversy or claim arising out of or relating in any way to this Agreement, to the breach of this Agreement, and/or to Employee's employment with Employer, including claims against Employer . . . shall be resolved by arbitration and not in a court or before an administrative agency.

(Dkt. No. 2-1 at 7). Plaintiff does not challenge the validity of the arbitration agreement, but argues that Defendants have waived their right to arbitration.

be invoked as a basis for relief. (*Id.* at 3). Further, Plaintiff argues that under *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912 (3d Cir. 1992), Defendant waived its right to arbitration by engaging with the EEOC proceeding and failing to pursue arbitration until the instant Motion to Dismiss. (*Id.* at 3-5).

In its Reply, Defendant GSI responds that, under the FAA, dismissal is appropriate on the instant facts. (Dkt. No. 8 at 2-3). Defendant GSI also argues against waiver by noting that a party does not waive arbitration during the pendency of an EEOC proceeding, and that it moved for arbitration at the earliest possible juncture—the beginning of the instant suit. (*Id.* at 3-4).

The only Motions that have been filed in this case relate to the Motion to Dismiss. There has been no other litigation activity in this matter.

## II.     DISCUSSION

Under federal law, arbitration agreements are governed by the Federal Arbitration Act. 9 U.S.C. §§ 1-16. The FAA was designed to counteract "the traditional judicial hostility" toward enforcing such agreements, and paved the way toward today's "strong federal policy in favor of arbitration." *In re Pharmacy Ben. Managers Antitrust Litig.*, 700 F.3d 109, 116 (3d Cir. 2012). Where a valid agreement to arbitrate exists between the parties, district courts are required to direct parties to proceed to arbitration on those issues to which the arbitration agreement applies. *Id.*; *Esaka v. Nanticoke Health Servs., Inc.*, 752 F. Supp. 2d 476, 481 (D. Del. 2010). Further, where a suit has been brought on an issue referable to arbitration, the district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

The parties have agreed, in writing, to arbitration. (Dkt. No. 2-1). The claims presented by Plaintiff in this case are covered by the arbitration agreement, which includes "any controversy or

claim arising out of or in any way relating to (1) this agreement; (2) to the breach of the agreement; and/or (3) to Employee's employment with Employer or the suspension or termination of Employee's employment." (Dkt. No. 2-1 at 7).

Plaintiff does not contest the applicability of the arbitration agreement to the claims brought against Defendants, but instead challenges the Court's jurisdiction to entertain a claim under the FAA in the circumstances here (Dkt. No. 7 at 3); attacks the nature of Defendant's motion (*id.* at 2-3); and asserts a defense of waiver. (*id.* at 3-5).

While the Court agrees that dismissal is not an appropriate remedy and will thus deny Defendant's request to dismiss the complaint, the Court concludes that this matter should be stayed in this Court and referred to arbitration in accordance with the dictates of, and policy underlying, the FAA.

### A.  Jurisdiction

Plaintiff's argument that the Court may not apply the FAA because the Court's jurisdiction is not predicated on that statute is without merit. (Dkt. No. 7 at 3). The FAA does not provide an independent basis for federal jurisdiction. *Southland Corp. v. Keating,* 465 U.S. 1, 15 n. 9 (1984). This matter was properly removed from Superior Court based on federal question jurisdiction in view of the fact that Plaintiff's complaint alleges violations of federal law. (Dkt. No. 1-1). Plaintiff cites no authority—nor is the Court aware of any—for the novel proposition that the FAA cannot be invoked because "this Court's jurisdiction is not predicated under this chapter of the United States Code [the FAA], which is a prerequisite to invoking its application." (Dkt. No. 7 at 3). Accordingly, Plaintiff's unsupported jurisdictional argument will be rejected.

### B.  Waiver

Plaintiff further claims that Defendant GSI has waived its right to arbitration by failing to raise this right in the EEOC proceeding. (Dkt. No. 7 at 3-5). This argument also lacks merit.

In determining whether a motion to compel arbitration is timely, the First Circuit has held that "an employer cannot waive its right to arbitration by failing to raise the arbitration defense with the EEOC or by failing to initiate arbitration during the pendency of the EEOC proceedings." *Marie v. Allied Home Mortg. Corp.,* 402 F.3d 1, 16 (1st Cir.2005) (cited with approval by *Petruska v. Gannon Univ.*, 462 F.3d 294, 308 (3d Cir. 2006)). The Eighth Circuit has agreed that there is no need for an employer to make a pre-suit demand for arbitration, "given that not every employee will persist in pressing a claim after adverse resolution of EEOC proceedings." *McNamara v. Yellow Transp., Inc.*, 570 F.3d 950, 958 (8th Cir. 2009). The Eleventh Circuit has also held that waiver does not arise during the pendency of EEOC proceedings. *See, e.g., Brown v. ITT Consumer Fin. Corp.,* 211 F.3d 1217, 1222–23 (11th Cir.2000) (An employer is "under no obligation to make a pre-suit demand for arbitration."). Further, district courts in this Circuit have consistently held that a waiver of arbitration rights does not result from the failure to raise arbitration, as a defense or otherwise, during administrative proceedings. *Beery v. Quest Diagnostics, Inc.*, 953 F. Supp. 2d 531, 546-48 (D.N.J. 2013); *Bourgeois v. Nordstrom, Inc.*, 2012 WL 42917, at *9 (D.N.J. Jan. 9, 2012); *Esaka*, 752 F. Supp. 2d at 484–85; *Volpe v. Jetro Holdings*, 2008 WL 4916027, at *8 (E.D. Pa. Nov. 14, 2008); *see also Petruska*, 462 F.3d at 308. As in these cases, the Court finds that a waiver of arbitration rights does not result from participation in EEOC proceedings, and rejects Plaintiff's arguments to the contrary.

Plaintiff's reliance on *Hoxworth* in support of a contrary conclusion is unavailing. Waiver of arbitration rights "is not to be lightly inferred." *Palcko v. Airborne Express, Inc.*, 372 F.3d 588,

598 (3d Cir. 2004) (quoting *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1068 (3d Cir. 1995)). The Third Circuit has held that "prejudice is the touchstone for determining whether the right to arbitrate has been waived" by litigation conduct. *In re Pharm. Benefit Managers Antitrust Litig.*, 700 F.3d at 117 (quoting *Zimmer v. CooperNeff Advisors, Inc.*, 523 F.3d 224, 231 (3d Cir. 2008)) (internal quotation marks and alterations omitted). The party opposing arbitration bears the burden of showing prejudice resulting from delay by the party seeking arbitration. *Gray Holdco, Inc. v. Cassady,* 654 F.3d 444, 455 (3d Cir. 2011). *Hoxworth*, a seminal case from this Circuit, provides "a nonexclusive list of factors relevant to the prejudice inquiry":

> (1) the timeliness of the motion to compel arbitration; (2) the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims; (3) whether the moving party provided sufficient notice to the nonmoving party of its "intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings"; (4) the extent of the moving party's "non-merits motion practice"; (5) whether the moving party has assented to the court's pretrial orders; and (6) the degree of discovery engaged in by the parties.

*Hoxworth*, 980 F.2d at 926-27.

With regard to the first Hoxworth factor, when evaluating the timeliness of a motion to compel arbitration, courts have generally held that motions filed within a few months after suit is filed are acceptable. *Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674, 680 (3d Cir. 2000) (one-and-a-half-month delay); *Faragalli*, 61 F.3d at 1069 (two-month delay). By contrast, delays approaching or exceeding a year are not acceptable. *Gray Holdco*, 654 F.3d at 455 (ten-month delay); *Nino v. Jewelry Exchange, Inc.*, 609 F.3d 191, 210 (3d Cir. 2010) (15-month delay); *Hoxworth*, 980 F.2d at 926 (11-month delay). This Circuit has long held that moving for arbitration upon removal to federal court does not create prejudice resulting in waiver. *Gray Holdco*, 654 F.3d at 451 (citing *Gavlik Constr. Co. v. H.F. Campbell Co.*, 526 F.2d 777, 783-84 (3d Cir. 1975)).

Plaintiff argues that it is unconscionable for Defendant to allow Plaintiff to go through the thirteen months of delay and expense of exhausting her administrative remedies without enforcing the agreement to arbitrate. (Dkt. No. 7 at 4-5). Plaintiff cites no authority for this proposition. (*Id.*) As explained above, the Court joins those courts that have held that an employer does not waive its rights by failing to demand or initiate arbitration during an EEOC proceeding. The appropriate time period for the Court to consider in evaluating the first *Hoxworth* factor is the time from filing of the lawsuit to the motion in favor of arbitration. *See, e.g., McNamara*, 570 F.3d at 958 (8th Cir. 2009); *Marie,* 402 F.3d at 16 (1st Cir.2005); *Brown,* 211 F.3d at 1222–23 (11th Cir.2000); *Dexter v. Prudential Ins. Co. of Am.,* 2000 WL 728821, at *3 (10th Cir. 2000). Here, Defendant moved to dismiss in favor of arbitration just thirteen days after removing the case to federal court. (Dkt. No. 2). This is well within the time period that courts have found acceptable.

As to the second *Hoxworth* factor, the appropriate inquiry relates to the degree to which a party has sought to contest the opponent's claims in court, not before an administrative body. *See, e.g., In re Pharmacy Ben. Managers Antitrust Litig.*, 700 F.3d at 118 (citing cases). A finding of waiver is intended to prevent parties from using "arbitration to manipulate the legal process and in that process waste scare judicial resources." *Gray Holdco*, 654 F.3d at 453-54. In *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 210 (3d Cir. 2007), for example, the Court found waiver where the parties had engaged in substantial motions practice in the case, including on the merits via a motion for summary judgment.

In her analysis of this factor, Plaintiff again attempts to find prejudice in Defendant's conduct during the EEOC proceeding, arguing that "Defendant (GSI) opposed Plaintiff's claim before the EEOC on its merits." (Dkt. No. 7 at 4). However, the second *Hoxworth* factor does not contemplate proceedings before an administrative body.  *In re Pharmacy Ben. Managers Antitrust*

*Litig.*, 700 F.3d at 118. The only filings in the instant case have related to the Defendant's Motion to Dismiss in favor of arbitration. Because Defendant has not contested the merits of Plaintiff's claims in this proceeding, the second *Hoxworth* factor also weighs against finding waiver.

The third *Hoxworth* factor provides an opportunity to weigh prejudice in light of "whether [a] party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings." *Faragalli*, 61 F.3d at 1065 n. 5 (quoting *Hoxworth*, 980 F.2d at 926-27). Courts have found that requesting arbitration from the other party prior to filing a motion to compel and objecting that claims are subject to arbitration after filing of plaintiff's state court complaint causes factor three to weigh against a finding of prejudice. *In re Pharmacy Ben. Managers Antitrust Litig.*, 700 F.3d at 119 (citing cases).

Again, Plaintiff relies on Defendant's failure to seek arbitration during the pendency of EEOC proceedings as support for her argument that Defendant did not provide her with sufficient notice of its intent to seek arbitration prior to moving to arbitrate. (Dkt. No. 7 at 4). As there is no requirement that a party invoke arbitration rights during an administrative proceeding, this factor provides no support for waiver on the facts presented. Defendant argues, and the Court agrees, that this factor does not weigh in favor of waiver because Defendant sought arbitration from the outset of this case. (Dkt. No. 8 at 8).

The upshot of these *Hoxworth* factors is that the critical period for determining waiver is from the commencement of litigation in a court of law, as opposed to during administrative proceedings. Given that Defendant moved to dismiss in favor of arbitration within a few weeks of

removing the cases from Superior Court to this Court, a balancing of the *Hoxworth* factors weighs heavily against finding waiver in this case.[2] Thus, Plaintiff's waiver argument cannot be credited.

### C. Relief

Defendant has presented the Court with a motion to "dismiss [Plaintiff's] Complaint in favor of arbitration." (Dkt. No. 2 at 4). Plaintiff argues that such a motion is improper, and that Defendant should instead have filed a motion to compel arbitration. (Dkt. No. 7 at 2).

The Supreme Court has explained that § 4 of the FAA "authorizes a federal district court to issue an order compelling arbitration if there has been a 'failure, neglect, or refusal' to comply with the arbitration agreement." *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987). Typically, parties seeking arbitration file a motion to compel arbitration. *See, e.g., Nino v. Jewelry Exchange, Inc.*, 609 F.3d 191 (3d Cir. 2010). However, at least one District Court in this Circuit has compelled arbitration based on a motion to dismiss in favor of arbitration. *Esaka*, 752 F. Supp. 2d at 486. Indeed, regardless of whether Defendant's submission seeks to compel arbitration, or to grant certain relief "in favor of arbitration," the substantive issue is whether this matter should proceed before this Court or before an arbitrator. The Court deems it appropriate to focus on the substance of Defendant's motion, and therefore Plaintiff's challenge—grounded in the nomenclature used by Defendant—is rejected.

While the Court will interpret Defendant's Motion as a request to refer this matter to arbitration, it will stay—rather than dismiss—the proceedings in this Court.

---

[2] Plaintiff concedes, and Defendant agrees, that the fourth, fifth and sixth factors— "(4) the extent of the moving party's 'non-merits motion practice'; (5) whether the moving party has assented to the court's pretrial orders; and (6) the degree of discovery engaged in by the parties," *Hoxworth*, 980 F.2d at 926-27—are not in dispute. (Dkt. No. 7 at 4-5, Dkt. No. 8 at 8). Thus, there is no need to analyze these factors, which all weigh against waiver.

In *Lloyd v. HOVENSA, LLC.*, 369 F.3d 263, 269 (3d Cir. 2004), the Third Circuit explained that under the plain language of § 3, where one of the parties requests a stay, dismissal is inappropriate and a stay must be granted. *Id.* at 269. Despite the ostensible limitation of *Lloyd* to instances where one of the parties has moved for a stay, the Third Circuit signaled its intent to go further in *Nino*, 609 F.3d at 208.   In that case, defendants moved for dismissal based on an agreement to arbitrate, which the District Court granted.  *Nino v. Jewelry Exch., Inc.*, 2008 WL 5424071, at *2, 8 (D.V.I. Dec. 29, 2008), *rev'd and remanded*, 609 F.3d 191 (3d Cir. 2010). While the Third Circuit reversed and remanded the District Court's decision based on the unconscionability of the agreement and waiver of the right to arbitrate, it noted that, under its holding in *Lloyd*, "the District Court should have stayed litigation in this case rather than dismissing Nino's claims." *Nino*, 609 F.3d at 208 n. 7. Thus, the Court finds that a stay pending arbitration, rather than dismissal, is appropriate here.

### III.    CONCLUSION

The only prejudice that the Plaintiff points to in her filing is that she was forced to pursue her claims before the EEOC, only to now be faced with the possibility of arbitration. (Dkt. No. 7 at 5). As explained above, the adjudication of claims before the EEOC without the initiation or invocation of arbitration proceedings does not prejudice Plaintiff or give rise to waiver. Accordingly, arbitration is the appropriate avenue for these proceedings and the Court will stay this matter pending arbitration.

An appropriate Order accompanies this Memorandum Opinion.


Date:   December 30, 2016                         _____/s/_____
                                                  WILMA A. LEWIS
                                                  Chief Judge